UNITED STATES of America, Appellee,

v.

**Dale Dennis DUNN, Appellant.**

No. 87–5258.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 11, 1988.
Decided July 14, 1988.

Brent A. Wilbur, Pierre, S.D., for appellant.

Bonnie P. Ulrich, Asst. U.S. Atty., Sioux Falls, S.D., for appellee.

Before HEANEY, BOWMAN and MAGILL, Circuit Judges.

MAGILL, Circuit Judge.

## I. INTRODUCTION

Dale Dennis Dunn (Dunn) appeals from a jury conviction of involuntary sodomy, in violation of 18 U.S.C. § 1153 and SDCL §§ 22–22–1(4), 22–22–2, and sexual molestation of and sexual contact with a minor not his spouse in violation of 18 U.S.C. § 1153 and SDCL § 22–22–7. We affirm.

## II. BACKGROUND

We detail the facts of this case only briefly. Janice Firecloud, a member of the West Bend community on the Crow Creek Indian Reservation outside of Pierre, South Dakota, contacted Ellen Kalinay (Kalinay), a State of South Dakota child protection worker, to report a possible sexual assault on a seven-year-old Indian girl, RSJ. As a result of this referral, an investigation was conducted, and RSJ was removed from her home on the reservation.

In discussions with Kalinay and a clinical psychologist, Dr. Mary Curran (Curran), RSJ related that Dunn had touched her vaginal area with his hand and his penis.

RSJ demonstrated with a pen that Dunn's penis was erect during this touching. RSJ also used drawings of male and female bodies and anatomically correct dolls to demonstrate where Dunn had touched her.

During her investigation, Kalinay discovered that a second Indian girl, ten-year-old JBE, had also been the victim of sexual assault. During interviews with Kalinay and Curran, JBE confided that her assailant had been Dunn. JBE used both drawings and dolls to demonstrate that Dunn had put his penis in her mouth, vagina, and anus. JBE was then examined by Dr. Raymond Owens (Owens), a pediatrician. Owens' examination was inconclusive as to physical evidence of sexual assault. Dunn was indicted on five counts of sexual assault. After a jury trial in the district court,[1] guilty verdicts were returned on all counts. This appeal followed.

## III. DISCUSSION

Dunn argues first that the district court erred by refusing to allow Owens to testify on direct examination about the results of his examination of JBE. Dunn offered this excluded testimony to show that there was no evidence of sexual penetration of JBE's anus or vagina. JBE had testified at trial that Dunn penetrated her anus and vagina, as well as forcing her to perform oral sodomy. Although evidence of penetration is not an element of the charged offense of involuntary oral sodomy, Dunn sought to diminish JBE's credibility by using the medical evidence to show that JBE lied about the penetration, and thus was lying about the sodomy. Dunn now argues that the district court improperly foreclosed direct examination of Owens as to the results of his medical examination of JBE, and thus denied him the opportunity to present his defense that JBE fabricated the charges against him.

Dunn's argument gains little ground with us. As the record indicates, Dunn questioned Owens as to his conclusions about the penetration of JBE upon *redirect*

---

1. The Honorable Donald J. Porter, Chief Judge, United States District Court for the District of South Dakota.

examination. Moreover, in his closing argument, Dunn made his assertions about the lack of penetration, and contrasted the physical evidence with JBE's statements about penetration. In short, the record indicates that Dunn was able to put his defense that JBE was lying about the sexual assaults fully and fairly before the jury.

■ Dunn next contends that the hearsay testimony of RSJ's playmate, Erin, was improperly admitted by the district court. Erin testified that RSJ confided that Dunn "fooled around with her [RSJ]." Dunn attempts to distinguish a formidable line of authority admitting similar hearsay testimony in child sexual abuse cases, *see, e.g., United States v. Shaw*, 824 F.2d 601, 609 (8th Cir.1987) (and cases cited therein), *cert. denied*, — U.S. —, 108 S.Ct. 1033, 98 L.Ed.2d 997 (1988), by arguing that the hearsay in this case was not trustworthy because both the declarant and the attesting witness were children. This argument ignores the reasoning behind our decisions that the young age of the attesting witness should enhance the trustworthiness of the declarations, not serve to undercut it. *United States v. Renville*, 779 F.2d 430, 441 (8th Cir.1985). Of greater importance is the fact that RSJ testified at trial. The availability of the declarant at trial vitiates the main concern of the hearsay rule, which is the lack of opportunity for cross-examination. *Renville*, 779 F.2d at 440 (citing *United States v. Bohr*, 581 F.2d 1294, 1304 (8th Cir.), *cert. denied*, 439 U.S. 958, 99 S.Ct. 361, 58 L.Ed.2d 351 (1978)).

■ Dunn finally argues that the district court erred by refusing to grant a new trial after Dunn discovered during the course of trial that Kalinay had not turned over all her reports to him. This contention does not merit elaborate refutation. The decision to grant or deny a new trial is committed to the sound discretion of the trial court and may only be reversed for an abuse of that discretion. *United States v. Ferguson*, 776 F.2d 217, 225 (8th Cir.1985), *cert.*

*denied*, 475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986). Here, Dunn argues that a new trial is warranted because the government failed to turn over exculpatory evidence in its possession, as required by *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The district court found that Kalinay was not a government employee, and that her report was not within the possession or control of the government; the record gives us no reason to upset these findings. Because Kalinay's report was not in the government's possession, the *Brady* doctrine is inapplicable in this case. Moreover, the district court found that the government had no knowledge of the existence of the report at issue. It is settled law that the government has no affirmative obligation to discover potentially exculpatory information which it neither possessed nor of which it was aware. *United States v. Chen*, 754 F.2d 817, 824 (9th Cir.1985). Finally, it is clear from the record that the gist of the report, that RSJ named others as her attackers before focusing on Dunn, was brought out during the course of the trial through the testimony of other witnesses. Accordingly, there is no reason to reverse the district court's determination not to grant a new trial. The convictions are in all respects affirmed.