UNITED STATES of America, Appellee,

v.

James GRIMES, Appellant.

No. 89–2321.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 17, 1990.

Decided March 29, 1990.

Rehearing and Rehearing En Banc Denied
May 11, 1990.

Lee T. Lawless, St. Louis, Mo., for appellant.

Mitchell Stevens, St. Louis, Mo., for appellee.

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

WOLLMAN, Circuit Judge.

James Grimes appeals his conviction and sentence [1] for distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). We affirm.

## I.

Nancy Landon, a government informant, testified at trial that she met Grimes in the mid–1980s. Grimes brought Landon cocaine to sell a couple of times a week for about a year, after which Landon began to deal directly with Len Anderson, Grimes' supplier.

In February 1988, Landon contacted local law enforcement officials because she feared arrest for drug trafficking. In exchange for immunity from prosecution for her past drug dealings, Landon agreed to assist the Drug Enforcement Administration (DEA) in undercover operations. From February through April 1988, Landon attempted to contact Anderson, but was unable to locate him.

During the same period, Landon contacted Grimes. When Landon was unable to re-establish contact with Anderson through Grimes, DEA Agent Duke directed Landon

___

**1.** The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

to attempt to purchase cocaine from Grimes.

Landon met Grimes at a pre-arranged place, and from there they went to a private residence, with Duke following in another car, posing as Landon's purchaser. After arriving at the residence, Grimes and Landon went into the house. They remained in the house for approximately five minutes and then came out together. Landon then met with Duke, informing him that she had sampled the cocaine to be purchased. Grimes went back into the residence briefly and a third person followed him out to the car. The third person gave Landon two ounces of cocaine, which Landon paid for.

The district court refused to give Grimes' proferred instruction on entrapment. During deliberations, the jury sent a note to the court inquiring about entrapment.

Grimes met with Duke on two occasions after his conviction but before sentencing. He provided information on the source of the cocaine sold to Landon and on Anderson's background and activities. At sentencing Grimes requested a two-level reduction of his base offense level under the United States Sentencing Guidelines (Guidelines) for acceptance of responsibility. The district court refused to grant Grimes the reduction.

## II.

Grimes asserts error in the district court's refusal to give an entrapment instruction to the jury.[2]

[A defendant] is entitled to an entrapment instruction whenever there is sufficient evidence from which a reasonable jury could find entrapment. * * * [A] valid entrapment defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct. * * * As a general proposition a defendant is entitled to an

instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor. * * * [E]vidence that government agents merely afforded an opportunity or facilities for the commission of the crime would be insufficient to warrant such an instruction.

*Mathews v. United States*, 485 U.S. 58, 108 S.Ct. 883, 886–88, 99 L.Ed.2d 54 (1988) (citation omitted).

Nothing in the record raises any question as to Grimes' predisposition to commit the crime. Nor does the record suggest that Grimes resisted the idea of obtaining cocaine for Landon. Accordingly, because the government merely provided an opportunity to commit the crime, the district court did not err in refusing to give the entrapment instruction.

## III.

Under section 3E1.1 of the Guidelines, an offense level reduction for acceptance of responsibility is warranted when a defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct."[3] Grimes contends that he was entitled to a reduction in his offense level for acceptance of responsibility based upon the information regarding Anderson and his supplier.

The sentencing court is in a unique position to assess acceptance of responsibility, and we will reverse only if the court's ruling is without foundation. *United States v. Anderson*, 886 F.2d 215, 216 (8th Cir.1989). Likewise, "[t]he question of whether a defendant has accepted responsibility is a factual one, depending largely on credibility assessments by the sentencing judge, who can far better evaluate the defendant's acceptance of responsibility than can a reviewing court." *United States v. Evidente*, 894 F.2d 1000, 1002 (8th Cir. 1990). When viewed in the light of these

---

**2.** The government argues that Grimes waived his right to assert this error. In view of our holding that no error occurred, we deem it unnecessary to rule on the government's contention.

**3.** Section 3E1.1 was amended effective November 1, 1989.

standards, we cannot say that the district court erred in refusing to grant Grimes a reduction for acceptance of responsibility.

We affirm the judgment and sentence.