UNITED STATES of America, Appellee,

v.

Gerald Roderick CARROLL, Appellant.

No. 89-2579EM.

United States Court of Appeals,
Eighth Circuit.

Submitted March 13, 1990.

Decided July 11, 1990.

Rehearing Denied Aug. 10, 1990.

Lee T. Lawless, St. Louis, Mo., for appellant.

Richard L. Poehling, St. Louis, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.

PER CURIAM.

Gerald Roderick Carroll appeals his sentence imposed by the district court[1] after he pleaded guilty to one count of armed robbery of a federally insured savings and loan institution, in violation of 18 U.S.C. § 2113(a), (d) (Count II), and one count of being armed while committing a crime of violence, in violation of 18 U.S.C. § 924(c) (Count III). In setting Carroll's base offense level, the district court refused to grant a reduction for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1. The court's refusal was based solely on certain statements made by Carroll during the course of his sentencing hearing. We affirm.

At the sentencing hearing, Carroll announced that he wished to withdraw his guilty plea, objecting, in part, that he did not understand at the time he pleaded guilty that his sentences on Counts II and III would run consecutively. Sentencing Transcript at 3–4. Carroll then repeatedly asserted that he did not use a gun during the robbery. *Id.* at 4–8. The district court refused to allow Carroll to withdraw his guilty plea,[2] and sentenced him to 106 months imprisonment.[3] In so doing, the court refused to grant Carroll a two-level reduction for acceptance of responsibility.[4]

The only issue presented on appeal is whether Carroll's attempt to withdraw his guilty plea due to a misunderstanding involving legal issues should affect his eligibility for a two-level reduction pursuant to § 3E1.1. We need not reach this issue because Carroll's attempt to withdraw his guilty plea involved more than a mere legal misunderstanding over the consecutive nature of his sentence. Carroll's suggestions to the contrary are completely without merit. Use of a weapon is an essential element of the offenses to which he pleaded guilty. His repeated refusals to acknowledge that he used a gun during the course of his crimes demonstrated his refusal to personally accept responsibility for the crimes charged. Therefore, we cannot say that the district court's refusal to grant the requested reduction is without foundation. *United States v. Grimes,* 899 F.2d 731, 732 (8th Cir.1990). We affirm.[5]

---

1. The Honorable George F. Gunn, United States District Judge for the Eastern District of Missouri.

2. Carroll does not allege the district court erred when it refused to permit him to withdraw his guilty plea.

3. The district court sentenced Carroll to 46 months on Count II and 60 months on Count III. The sentences were ordered to run consecutively.

4. The district court stated, "I will find against him [on his request for a two-level reduction for] acceptance of responsibility because he is, in open court, not accepting responsibility." Sentencing Transcript at 8.

5. We respectfully note that we do not believe it is appropriate to comment on the merits of an issue raised for the first time in the concurrence; namely, whether the district court penalized Carroll for the exercise of his constitutional right to proceed to trial by withdrawing his guilty plea. First, Carroll did not raise this issue before the district court, and as such, we should not consider it. *See Molasky v. C.I.R.,* 897 F.2d 334, 338 (8th Cir.1990) (not address issue raised for first time on appeal when party failed to demonstrate that manifest injustice would result from the court's refusal to consider it). Second, Carroll did not raise the issue on appeal. "It is well settled in this circuit if an issue is not raised on appeal it will be deemed abandoned." *Borough v. Duluth, Missabe & Iron Range Ry. Co.,* 762 F.2d 66, 68 n. 1 (8th Cir.1985) (citing *Kizzier Chevrolet Co. v. General Motors Corp.,* 705 F.2d 322, 325 n. 2 (8th Cir.), *cert. denied,* 464 U.S. 847, 104 S.Ct. 153, 78 L.Ed.2d 141 (1983)). Finally, the concurrence constitutes an advisory opinion, the effect of which is to prompt Carroll to file for postconviction relief by explicitly advising the district court to heed its advice in the event postconvic-

Finally, we have considered the additional argument made by Carroll in his supplemental pro se brief. He argues that the fruits of his stop, arrest and identification must be suppressed because the police did not have a reasonable suspicion that he was engaged in illegal activity to justify their stop of his car. We have thoroughly reviewed the record and find this argument to be without merit.

BRIGHT, Senior Circuit Judge, concurring in the result.

Although I concur in the result, after reading the record in this case, I am left with some concerns about the sentence imposed on Carroll. Specifically, the record indicates that the district judge initially contemplated granting Carroll credit for acceptance of responsibility but changed his mind because Carroll attempted to withdraw his guilty plea. In attempting to withdraw his guilty plea, however, Carroll confined his statements strictly to that issue and declined to discuss the factual basis of the Government's charges or make personal comments regarding his actual guilt or innocence.[1] Thus, Carroll's attempt to exercise a constitutional right, *i.e.*, his right to proceed to trial by withdrawing his guilty plea, was the only factor explaining the denial of credit.[2]

Where constitutional rights are concerned, due process requires that vindictiveness play no part in the sentencing process. *Alabama v. Smith*, — U.S. —, 109 S.Ct. 2201, 2204, 104 L.Ed.2d 865 (1989). Thus, in this case, the district court could not, consistent with due process, have punished Carroll for proceeding to trial had Carroll successfully withdrawn his guilty plea and then later been convicted. *See United States v. Cunningham*, 529 F.2d 884, 889 (6th Cir.1976) (suggesting that trial court could not vindictively increase defendant's sentence following withdrawal of guilty plea and subsequent conviction at trial).

In addition, because fear of vindictiveness may deter a defendant from exercising constitutional rights, due process also requires that a defendant be free of apprehension of retaliatory motivation on the part of the sentencing judge. *North Carolina v. Pearce*, 395 U.S. 711, 725, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969). Consequently, where a trial court seeks to impose a more severe sentence following a defendant's exercise of a constitutional right, the court must point to objective conduct that justifies the increase. *Id.* at 726, 89 S.Ct. at 2081. Hence, while the district court ultimately retained discretion to deny Carroll's request to withdraw his guilty plea, *see United States v. Boone*, 869 F.2d 1089, 1091–92 (8th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 81, 107 L.Ed.2d 47 (1989), the court was not free to use this request, without more, to increase Carroll's sentence.

This is not a case where the defendant, by attempting to withdraw his guilty plea and giving reasons therefor, provided the court with a vast increase in relevant information upon which to base its sentencing determination. *Cf. Alabama v. Smith*, 109

---

tion relief is ultimately sought. We do not believe that comments about the outcome of a hypothetical case are appropriate. *Cf. Michigan v. Long*, 463 U.S. 1032, 1042, 103 S.Ct. 3469, 3477, 77 L.Ed.2d 1201 (1983).

**1.** Later in sentencing, Carroll made other statements that did not relate to the guilty plea issue. At the request of Carroll's counsel, however, the district judge agreed not to consider Carroll's other statements in sentencing.

**2.** The majority opinion, *supra* at 341, asserts that "[Carroll's] *repeated refusals to acknowledge that he used a gun during the course of his crimes demonstrated his refusal to personally accept responsibility for the crimes charged."*

The way I read the record, Carroll's remarks about the firearm related purely to a misunderstanding of the charges to which he had pleaded guilty. Carroll stated that he believed he had entered a guilty plea to unarmed bank robbery rather than armed bank robbery. Sentencing Transcript at 4. He never was specifically asked, nor did he specifically deny, committing the robbery with a gun in hand.

The district court found against Carroll on acceptance of responsibility "because he is, in open court, not accepting responsibility." Sentencing Transcript at 8. I read the district court's statement as rejecting credit solely on the ground that Carroll sought to withdraw his guilty plea, not that he denied the facts underlying his initial plea of guilty.

S.Ct. at 2205–06 (increased sentence justified where trial on merits brings out details of crime). Nor is it a case where the defendant, by putting the Government to its proof, caused the Government and the public great inconvenience and expense. *Cf. id.* at 2206 (factors that indicated leniency as consideration for guilty plea may be absent once defendant proceeds to trial). To the contrary, from my review of the record, the district court gleaned virtually no relevant information from Carroll's request to withdraw his guilty plea, and the Government lost, at most, a few minutes of time. Thus, no objective factors intervened between the district court's pre-sentencing predilection to grant Carroll credit for accepting responsibility and the court's subsequent decision to deny credit following Carroll's unsuccessful request to change his plea.

Moreover, at the sentencing proceeding, the district court explicitly promised both Carroll and defense counsel that none of the events that transpired during that hearing would be taken into account in imposing sentence. Sentencing Transcript at 10, 13. Notwithstanding these assurances, the district court subsequently denied Carroll credit for accepting responsibility based solely on events that occurred during the hearing, *i.e.,* Carroll's request to withdraw his guilty plea.

Finally, I think it is noteworthy that the United States Sentencing Commission has recently proposed to amend the Acceptance of Responsibility guideline, U.S.S.G. § 3E1.1, comment. (nn. 2–3), in relevant part, as follows:

"2. This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse.... [ "]

"3. Entry of a plea of guilty prior to the commencement of trial combined with truthful admission of involvement in the offense and related conduct will constitute significant evidence of acceptance of responsibility for the purposes of this section. However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility."

47 Crim.L.Rep. (BNA) 1203–04 (June 6, 1990). These changes, which take effect November 1, 1990, unless Congress acts to block them, strongly suggest that the downward adjustment for accepting responsibility is intended to reward defendants who, like Carroll, enter a plea of guilty.

As the majority observes, Carroll's counsel failed to directly raise these issues. Nevertheless, these matters affect the fundamental fairness of the sentencing process. In my view, the sentence imposed, 106 months, was a heavy sentence for someone who pleaded guilty. Accordingly, the district court, upon an appropriate post-conviction application by Carroll, may wish to consider the matters commented upon in this concurring opinion.[3]

---

**3.** The majority is apparently critical of this concurrence. In footnote 5, the majority characterizes these remarks as "comments about the outcome of a hypothetical case" which, in its view, are not "appropriate." In this writer's view, when liberty is at stake in a criminal case and possible injustice leaps out from the record, judges should speak out, not merely rubber stamp, "affirmed."