962 F.2d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Gerald R. CARROLL, Appellant,
v.
UNITED STATES OF AMERICA, Appellee.
 No. 91-3772.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 29, 1992.
Filed: May 13, 1992.
 
 Before BOWMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gerald R. Carroll, a federal prisoner, appeals from the district court's[1] order denying his 28 U.S.C. § 2255 motion. We affirm.
 
 
 2
 Carroll committed an armed robbery at the Pulaski Savings and Loan in St. Louis, Missouri, on December 28, 1988. Shortly after the robbery, Carroll and another man were arrested in a vehicle near the crime scene. Carroll met the description of the suspect provided by four of the witnesses to the robbery. Carroll and the driver were transported back to the bank for a showup, where Carroll was positively identified as the robber. A subsequent search of the vehicle uncovered a bag containing $4201, a stocking mask, and a loaded revolver.
 
 
 3
 Carroll moved to suppress the evidence discovered in the vehicle on the ground that the stop violated the Fourth Amendment. He also moved to suppress any identification testimony on the ground that the showup was conducted under unduly suggestive conditions. After the magistrate judge[2] recommended denying the motion, Carroll pleaded guilty to one count of armed robbery and one count of carrying a firearm while committing a crime of violence.
 
 
 4
 At his sentencing hearing, Carroll tried to withdraw his guilty plea, asserting that he had been misinformed about the charges against him. Carroll stated that, until the sentencing hearing, he did not understand that he would receive a mandatory consecutive five-year sentence on the firearm charge. Carroll also disagreed with the description of the offense and claimed that he did not carry a real gun during the robbery. The court denied Carroll's request to withdraw his guilty plea and overruled his objection to the denial of an acceptance-of-responsibility reduction.
 
 
 5
 Carroll appealed his sentence, arguing that the district court erred by denying him the reduction based on his attempt to withdraw his guilty plea. This court rejected that argument, stating "[h]is repeated refusals to acknowledge that he used a gun during the course of his crimes demonstrated his refusal to personally accept responsibility for the crimes charged." United States v. Carroll, 908 F.2d 340, 341 (8th Cir. 1990) (per curiam). This court also addressed and rejected the argument that Carroll raised in his pro se supplemental brief-that the fruits of his stop, arrest, and identification should have been suppressed because the police did not have a reasonable suspicion that he was engaged in illegal activity before stopping the getaway car. Id. at 342.
 
 
 6
 Carroll then filed this section 2255 motion, alleging that the sentencing procedure was fundamentally unfair because the court penalized him for attempting to exercise his constitutional right to a jury trial; that counsel was ineffective for failing to present adequately his claim that he was stopped, arrested, and identified in violation of the Fourth Amendment; and that counsel was ineffective for failing to advise him to enter a conditional guilty plea so as to preserve his Fourth Amendment claim for appellate review. The district court found each of the grounds meritless. On appeal, Carroll reiterates the arguments he raised in the district court.
 
 
 7
 To the extent Carroll seeks to challenge the denial of the acceptance-of-responsibility reduction on the ground that the district court clearly erred by denying it, see United States v. Comeaux, 955 F.2d 586, 591-92 (8th Cir. 1992), he cannot do so because he unsuccessfully raised that issue on direct appeal. United States v. Kraemer, 810 F.2d 173, 177 (8th Cir. 1987) (per curiam). Carroll's contention that the district court based the denial of the reduction on his attempt to exercise his right to a jury trial is not supported by the record. Rather, as this court noted on Carroll's direct appeal, the district court denied the reduction because of Carroll's "repeated refusals to acknowledge that he used a gun during the course of his crimes." Carroll, 908 F.2d at 341.
 
 
 8
 Carroll's ineffective assistance claim is governed by Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing of both deficient performance and resulting prejudice. Carroll first contends that counsel performed deficiently during the suppression hearing because counsel did not require the government to produce copies of radio transmission tapes which alerted the arresting officers to the fact that a robbery had occurred and described the suspects. He maintains that, had these tapes been produced, they would have shown that the stop of the getaway car was pretextual. Carroll has not indicated how the contents of the tapes would differ from the description of the transmissions given during the suppression hearing. Therefore, Carroll cannot establish that counsel's omission prejudiced the outcome of the suppression hearing. See, e.g., Otey v. Grammer, 859 F.2d 575, 578 (8th Cir. 1988), cert. denied, 110 S. Ct. 3288 (1990). Similarly, we conclude Carroll was not prejudiced by counsel's failure to advise him to enter a conditional guilty plea in order to preserve his constitutional challenges to the stop, arrest, and identification. As the district court observed, Carroll raised these issues in his pro se brief on direct appeal and this court found them meritless. Carroll, 908 F.2d at 342. In view of this ruling, Carroll's ineffective assistance claim premised on the failure to preserve these issues for appellate review is meritless. Cf. Kellogg v. Scurr, 741 F.2d 1099, 1104 (8th Cir. 1984) ("The prejudice flowing from an attorney's failure to file a suppression motion is determined by examining the likely success of the motion.").
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri
 
 
 [2]
 The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri