21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher Unweni OSEMWENKHAE, Defendant-Appellant.
 Nos. 93-3341, 93-3342.
 United States Court of Appeals, Tenth Circuit.
 April 15, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Osemwenkhae (Defendant) entered a plea of guilty to mail fraud and then absconded and failed to appear at sentencing. Defendant was apprehended five years later and charged with the additional crime of failure to appear to which he pled guilty. Defendant was collectively sentenced to sixteen months of imprisonment and he now appeals the sentence.
 
 
 3
 Sentencing was accomplished in accordance with the Guidelines. The offense level for mail fraud was computed to be ten.[2] The offense level for failure to appear was twelve. The Guidelines provide that when a defendant is convicted both of the obstruction offense, in this case failure to appear, and the underlying offense, in this case mail fraud, the two counts will be grouped and the offense level for the group is the higher of the two offense levels. USSG 3C1.1, comment. (n.6). The offense level for the group was thus twelve which resulted in a sentencing range of ten to sixteen months, a range identical to the original sentencing range for the criminal mail fraud charge. The district court sentenced Defendant to the high end of the sentencing range--sixteen months.
 
 
 4
 * Mr. Osemwenkhae contends the district court erred by denying him a two-level decrease in the offense level for acceptance of responsibility concerning the failure to appear charge. He correctly notes the Government, at sentencing, stipulated Defendant had accepted responsibility for his offense of failure to appear. Defendant further contends the two-level reduction stipulated to by the Government must be subtracted from the total of the grouped offenses. As calculated by Defendant, his total offense level, after the decrease for acceptance of responsibility would be ten, resulting in a sentencing range of six to twelve months.
 
 
 5
 At sentencing the district court relied upon the presentence report, which stated: "It is clear the guideline intent is that acceptance of responsibility for the failure to appear is not to be applied when a defendant ... would actually benefit from his failure to appear." The district court stated:
 
 
 6
 Well, the Court has looked at this matter very seriously and really the guidelines, as they have been amended, really create an anomaly.
 
 
 7
 If the Court went along with what is being requested by the defendant, it was to his advantage to never show up for sentencing, and I can't believe that the guidelines are to be imposed like that.
 
 
 8
 I agree with ... the probation officer, and I adopt his reasoning and findings, ... by a preponderance of the evidence, and the Court is going to deny any credit for acceptance of responsibility.
 
 
 9
 We review the district court's determination of "acceptance of responsibility" as a question of fact under the clearly erroneous standard. 18 U.S.C.A. 3742(e); United States v. Amos, 984 F.2d 1067, 1071 (10th Cir.1993). As "[t]he sentencing court is in a unique position to [evaluate whether a defendant has accepted] responsibility," its determination is entitled to great deference on review. USSG 3E1.1, comment (n.5); United States v. Grimes, 899 F.2d 731, 732 (8th Cir.1990). Thus, it will not be "disturbed unless it is without foundation." Amos, 984 F.2d at 1072. However, this court reviews application of the Sentencing Guidelines fully for errors of law.
 
 
 10
 We must first address the arguments of the parties relating to the grouping of the two offenses. Defendant asserts the method of calculation to be that of calculating the offense level for each of the two offenses and applying the higher. See USSG 3C1.1, comment. (n.6).[3] The Government argues that when offenses are grouped a defendant must accept responsibility for all of the criminal conduct contained within the group. We agree with defendant.
 
 
 11
 USSG 3C1.1, comment. (n.6) clearly requires the offense level of each offense to be separately calculated. This implicitly requires the application of all aggravating and mitigating calculations to each offense.
 
 
 12
 We now turn our attention to the computation of the offense level for the failure to appear charge and specifically whether defendant is entitled to a two-level decrease for acceptance of responsibility.
 
 
 13
 USSG 3E1.1(a) (1992 ed.) provides a defendant is to be awarded the deduction if he "clearly demonstrates acceptance of responsibility." Stated differently, Defendant has the burden of convincing the sentencing court that he has unmistakably accepted responsibility for his criminal conduct.
 
 
 14
 There exist additional rules we must apply. First, even though the Government stipulated Defendant accepted responsibility, this does not bind the sentencing court. United States v. Hernandez, 967 F.2d 456, 459 (10th Cir.1992). Second, a defendant who enters a guilty plea is not entitled to a decrease in the offense level for acceptance of responsibility as a matter of right. Defendant still retains the burden to clearly establish his acceptance of responsibility.
 
 
 15
 We turn to the facts contained in the record on appeal and in the presentence report that were not disputed. Defendant stated he did not appear for sentencing as he did not understand the American legal system and was afraid he would be incarcerated. Defendant failed to turn himself in to authorities; rather, he was apprehended in New York City. Defendant's wife stated Defendant told her he left Kansas City because the police were threatening him. Defendant stated he had spent the prior five years driving a cab for two companies in New York City. Neither cab company could be found, and neither Defendant nor his wife could furnish an address for either employer. Defendant never has filed a federal income tax return. In summary, the evidence shows Defendant absconded and hid from the authorities. The evidence also shows Defendant was not candid with the authorities following his apprehension. The presentence report supports the sentencing court's conclusion that Defendant failed to clearly establish his acceptance of responsibility. Defendant has failed to establish any fact evidencing his acceptance of responsibility other than his guilty plea. The record fully supports the sentencing court's factual conclusions.
 
 
 16
 Given these facts, we find no clear error in the sentencing court's denial of a reduction for acceptance of responsibility.
 
 
 17
 The sentencing court's finding that Mr. Osemwenkhae was not entitled to a reduction for acceptance of responsibility is not clearly erroneous. We find no errors in the sentencing court's application of the law in its interpretation of the Guidelines. Accordingly, we AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Guidelines were amended during the five year interval when Defendant was a fugitive. Had Mr. Osemwenkhae been sentenced when scheduled in 1988, the offense level for his mail fraud conviction would have been 12. This offense level produced a sentencing range of 10 to 16 months. Significantly, even before Mr. Osemwenkhae failed to appear, his original Presentence Report recommended he receive a two level increase in the offense level for obstruction of justice based upon his false statements to an investigative agency and Probation. USSG 3C1.1, comment. (nn.3(g) and (h))
 
 
 [3]
 Where the defendant is convicted for an offense covered by 2J1.1 (Contempt), 2J1.2 (Obstruction of Justice), 2J1.3 (Perjury or Subornation of Perjury; Bribery of Witness), 2J1.5 (Failure to Appear by Material Witness), 2J1.6 (Failure to Appear by Defendant), 2J1.8 (Bribery of Witness), or 2J1.9 (Payment to Witness), ... this adjustment is not to be applied to the offense level for that offense except where a significant further obstruction occurred during the investigation or prosecution ... of the obstruction offense itself (e.g., where the defendant threatened a witness during the course of the prosecution for the obstruction offense). Where the defendant is convicted both of the obstruction offense and the underlying offense, the count for the obstruction offense will be grouped with the count for the underlying offense under subsection (c) of 3D1.2 (Groups of Closely-Related Counts). The offense level for that group of closely related counts will be the offense level for the underlying offense increased by the 2-level adjustment specified by this section, or the offense level for the obstruction offense, whichever is greater