_____

No. 95-2232

_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *    Appeal from the United States
     v.                             *    District Court for the
                                    *    Eastern District of Missouri.
William Hawkins,                    *
                                    *
          Appellant.                *

_____

Submitted:  December 12, 1995

Filed:  March 5, 1996

_____

Before FAGG, HEANEY, and WOLLMAN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.


     After a jury found William Hawkins guilty of five counts of cocaine
distribution in violation of 21 U.S.C. § 841(a), the district court[1]
sentenced him to 63 months' imprisonment on each count, to be served
concurrently, and four years' supervised release.  Hawkins appeals his
conviction and sentence.  We affirm.


                                   I.


     In 1988, Ted McKinney became an informant for the Federal Bureau of
Investigation (FBI) after being confronted with evidence of his criminal
activity.  With McKinney's help, the FBI conducted an investigation
targeting approximately fifteen individuals.  One of the targets of the FBI
investigation was William Hawkins, an old friend of McKinney's.

_____

     [1]The Honorable William L. Hungate, United States District
Judge for the Eastern District of Missouri.

In November 1988, McKinney and Hawkins had several telephone conversations concerning cocaine. Hawkins sold cocaine to McKinney on five occasions from November 1988 to August 1989. During this time, McKinney introduced undercover FBI Agent John Quinn to Hawkins. Quinn was present during one of the drug transactions. The telephone calls and meetings between McKinney and Hawkins were audio recorded. Some of the meetings were also recorded on videotape.

Hawkins did not dispute that he had sold cocaine to McKinney and Quinn, resting instead on the defense that the government had entrapped him. The jury found Hawkins guilty on all five counts, and the district court sentenced him on March 15, 1991. On March 25, 1991, Hawkins's trial counsel filed a notice of appeal. For reasons that are not entirely clear, the appeal was not processed by the clerk's office until May 18, 1995. Hawkins raises several issues on appeal. First, he contends that his due process rights were violated due to the delay in processing his appeal. He also alleges violations of Brady v. Maryland, 373 U.S. 83 (1963), and the Jencks Act, 18 U.S.C. § 3500, and brings an ineffective assistance of counsel claim. Finally, he claims that the district court erred in denying him a sentence reduction for acceptance of responsibility.

## II. Due Process Claim

Although the Supreme Court has never explicitly acknowledged a due process right to a speedy appeal, a number of courts of appeals have recognized that excessive delay in processing appeals can violate due process. See, e.g., Simmons v. Beyer, 44 F.3d 1160, 1169 (3rd Cir. 1995); United States v. Tucker, 8 F.3d 673, 676 (9th Cir. 1993) (en banc), cert. denied, 114 S. Ct. 1230 (1994); Harris v. Champion, 15 F.3d 1538, 1558 (10th Cir. 1994); Cody v. Henderson, 936 F.2d 715, 719 (2nd Cir. 1991). In evaluating appellate delay claims, courts follow the test set out

in <u>Barker v. Wingo</u>, 407 U.S. 514, 530 (1972), to determine whether due process was satisfied. Although the issue in <u>Barker</u> was whether the defendant was denied his right to a speedy trial, courts find the criteria set out in that case generally applicable. The factors to consider are: (1) length of delay; (2) reason for delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant. <u>Id.</u>

Applying the first factor, we agree with Hawkins that the four-year delay was lengthy. Not every inordinate delay in processing an appeal, however, amounts to a denial of due process. <u>Rheuark v. Shaw</u>, 628 F.2d 297, 303 (5th Cir. 1980), <u>cert.</u> <u>denied</u>, 450 U.S. 931 (1981). As to the second factor, the reason for delay is not entirely clear from the record below. Apparently, the clerk's office misplaced the appeal and did not locate it until Hawkins made an inquiry, so Hawkins clearly was not to blame for the delay. As to the third factor, Hawkins did ultimately pursue appellate review, although he did not inquire about the status of his appeal until more than two years had elapsed since it was filed. Although the first three factors weigh in Hawkins's favor, he must also show prejudice from the delay to establish a due process violation. <u>See</u> <u>Tucker</u>, 8 F.3d at 676.

With respect to the fourth factor, courts have established three categories of potential prejudice resulting from appellate delay: "(1) oppressive incarceration pending appeal, (2) anxiety and concern of the convicted party awaiting the outcome of the appeal, and (3) impairment of the convicted person's grounds for appeal or of the viability of his defense in case of retrial." <u>Tucker</u>, 8 F.3d at 676 (citation omitted). <u>See</u> <u>also</u> <u>Simmons</u>, 44 F.3d at 1170.

Hawkins cannot show that his incarceration was oppressive if he was rightfully incarcerated. Thus, we must turn to the merits of his appeal. We find them to be meritless.

Hawkins first alleges that the government failed to provide him with discoverable material pursuant to Brady and the Jencks Act. He claims that during the last day of trial he received materials from a case pending against him in the Southern District of Illinois that supported his entrapment defense and provided impeaching information against McKinney. Hawkins failed to make these materials part of the record.

Under Brady, the government is required to "make available to a criminal defendant exculpatory evidence in its possession material to guilt or punishment." United States v. Stuart, 923 F.2d 607, 612 (8th Cir.), cert. denied, 499 U.S. 967 (1991). Hawkins attempts to hold the Missouri prosecutor accountable for information possessed by the Illinois prosecutor under the theory that all of the information was held by the government and therefore subject to Brady. This assumption is erroneous. We have held that "the government has no affirmative obligation to discover potentially exculpatory information which it neither possessed nor of which it was aware." United States v. Dunn, 851 F.2d 1099, 1101 (8th Cir. 1988). At Hawkins's sentencing hearing, the prosecutor told the court that he was not aware of the discovery materials in the Illinois case. In any event, the "prosecutor has no duty to undertake a fishing expedition in other jurisdictions in an effort to find impeaching evidence." United States v. Jones, 34 F.3d 596, 599 (8th Cir. 1994) (citing Stuart, 923 F.2d at 612), cert. denied, 115 S. Ct. 1701 (1995).

Hawkins also alleges that his counsel was ineffective because he failed to: (1) perfect the appeal; (2) call McKinney as a witness in the defense case-in-chief; (3) establish on the record the content of the materials received from the Illinois case; (4) move for a mistrial or continuance as a result of the belated discovery; and (5) properly interview a defense witness. The government objects to our consideration of this claim and argues that it should be raised in a collateral proceeding pursuant to 28

U.S.C. § 2255.

An ineffective assistance of counsel claim is ordinarily first raised in a collateral proceeding because facts outside the record generally need to be developed to resolve the claim.  United States v. Lewin, 900 F.2d 145, 149 (8th Cir. 1990).  Accordingly, we have declined to "`consider an ineffective assistance claim on direct appeal if the claim has not been presented to the district court so that a proper factual record can be made.'"  United States v. Logan, 49 F.3d 352, 361 (8th Cir. 1995) (quoting United States v. Kenyon, 7 F.3d 783, 785 (8th Cir. 1993)).  In Logan, we declined to address an ineffective assistance claim on direct appeal despite the defendant's contention that no factual findings needed to be made by the district court.  Id. at 361.  In that case, we stated that "[i]f either the district court had addressed this issue or the government did not object to our hearing this issue, we would address it.  However, since neither of these conditions are satisfied, we decline to consider this issue on direct appeal."  Id.  We find the present case analogous to Logan, and thus we decline to address the effective assistance claim, which Hawkins may raise in a section 2255 proceeding if he so desires.

Regarding the second category of potential prejudice, Hawkins has not shown that his anxiety and concern are greater than any other prisoner pending the outcome of an appeal.  See Tucker, 8 F.3d at 676.  In assessing the third category, Hawkins shows no impairment of his grounds for appeal because the appeal itself fails on the merits.  See id. at 675 (stating that "[o]rdinarily, where the claims asserted on appeal would not entitle the defendant to reversal, appellate delay does not result in prejudice").  See also United States v. Hasting, 461 U.S. 499, 506 (1983).  In other words, even if Hawkins's appeal had been decided in a timely fashion, he still would have failed on the merits.  Thus, Hawkins's due process rights were not violated, for he has failed to show prejudice.

### III.  Acceptance of Responsibility

Hawkins also contends that the district court erred in refusing to reduce his base offense level for acceptance of responsibility under U.S.S.G. § 3E1.1.  The Sentencing Guidelines permit a two-level reduction in the base offense level if a defendant "clearly demonstrates acceptance of responsibility for his offense."  U.S.S.G. § 3E1.1(a).  The determination "`whether a defendant has accepted responsibility is a factual one, depending largely on credibility assessments by the sentencing judge, who can far better evaluate the defendant's acceptance of responsibility than can a reviewing court.'"  United States v. Grimes, 899 F.2d 731, 732 (8th Cir.) (quoting United States v. Evidente, 894 F.2d 1000, 1002 (8th Cir. 1990)), cert. denied, 498 U.S. 986 (1990).  We review for clear error a district court's findings of fact in determining a reduction for acceptance of responsibility.  United States v. Laird, 948 F.2d 444, 446-47 (8th Cir. 1991).

Hawkins argues that he is entitled to the reduction because he admitted the substantive offense.  Voluntarily admitting involvement in the offense charged, however, does not automatically entitle a defendant to a reduction for acceptance of responsibility.  United States v. Davila, 964 F.2d 778, 784 (8th Cir. 1992).

The Presentence Investigation Report (PSR) did not recommend an acceptance-of-responsibility reduction because Hawkins did not cooperate with the government investigation and because he did not voluntarily withdraw from criminal conduct.  Relying on the PSR, the district court made a specific finding that Hawkins had not cooperated with the government.  Because the district court is in a unique position to evaluate a defendant's credibility, its decision should not be disturbed unless it is without foundation.  Grimes, 899 F.2d at 732.  We cannot say that there was no foundation for the district court's denial of a reduction for

acceptance of responsibility in this case.

The judgment and sentence are affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.