_____

No. 96-1849
_____

United States of America,          *
                                    *
          Appellee,                 *   Appeal from the United States
                                    *   District Court for the
     v.                             *   District of Minnesota.
                                    *
Bernard Hawkins,                    *            [UNPUBLISHED]
                                    *
          Appellant.                *


_____

          Submitted:  July 26, 1996

            Filed:  November 12, 1996
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     Bernard  Hawkins  was  charged  with  escaping  from  a  community
corrections center (a halfway house), in violation of 18 U.S.C. § 751.  He
testified at trial that he left the halfway house out of fear for his life,
because  he  knew  he  was  going  to  test  positive  for  cocaine  use  and
anticipated being returned to prison, where he had previously been stabbed
and assaulted.  The jury found Hawkins guilty, and the district court[1]
sentenced him to 8 months in prison.  On appeal, Hawkins contends the district court erred
in not granting him an acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1.  We
affirm.

_____

     [1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for
the District of Minnesota.

We review de novo the district court's application of section 3E1.1, <u>United States v. Barris</u>, 46 F.3d 33, 35 (8th Cir. 1995) (per curiam), and for clear error its attendant factual findings, <u>United States v. Hawkins</u>, 78 F.3d 348, 352 (8th Cir. 1996), <u>petition for cert. filed</u>, (U.S. June 1, 1996) (No. 95-9212).  We question whether Hawkins was eligible for an acceptance-of-responsibility reduction, because by presenting a duress defense, he effectively sought to negate his responsibility for leaving the halfway house.  <u>See United States v. Johnson</u>, 956 F.2d 894, 904 (9th Cir. 1992); <u>cf.</u> <u>United States v. Patterson</u>, 885 F.2d 483, 484 (8th Cir. 1989) (affirming district court's denial of § 3E1.1 reduction for defendant convicted of unlawful possession of firearm where defendant insisted he carried firearm only for protection).

In any event, given the great deference accorded the district court, we conclude the court did not clearly err in finding Hawkins had not met his burden of clearly demonstrating he had accepted responsibility.  <u>See</u> U.S.S.G. § 3E1.1(a) & comment. (n.5); <u>United States v. Byrd</u>, 76 F.3d 194, 196 (8th Cir. 1996) (discussing burden).  Hawkins's voluntary admission of the conduct comprising his offense of conviction does not automatically entitle him to the reduction, <u>see</u> <u>Hawkins</u>, 78 F.3d at 352, nor does his expression of regret at sentencing, <u>see</u> <u>United States v. Roggy</u>, 76 F.3d 189, 194 (8th Cir.), <u>cert. denied</u>, 116 S. Ct. 1700 (1996).  Further, Hawkins does not dispute the government gave him two opportunities before trial to enter into a plea agreement, and he has not pointed to any pretrial statements or conduct which would indicate he accepted responsibility.  <u>See</u> U.S.S.G. § 3E1.1, comment. (n.2).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.