United States Court of Appeals
FOR THE EIGHTH CIRCUIT

No. 97-3965
_____

United States of America,           *
                                    *
            Appellee,               *
                                    * Appeal from the United States
      v.                            * District Court for the
                                    * Western District of Missouri.
Rickey Layne Keeth,                 *
                                    *       [UNPUBLISHED]
            Appellant.              *

_____

Submitted: March 4, 1998
Filed: March 11, 1998
_____

Before FAGG, BEAM, and HANSEN, Circuit Judges.
_____

PER CURIAM.

Rickey Layne Keeth appeals the sentence imposed by the district court[1] after he pleaded guilty to making a false statement in the acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), and to possessing firearms while subject to a domestic violence protection order, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2).  On appeal, Keeth argues that the district court erred in denying him an

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

acceptance-of-responsibility adjustment pursuant to U.S. Sentencing Guidelines Manual § 3E1.1 (1997).  We disagree, and affirm.

While he was awaiting sentencing in this case, Keeth sent a letter to his ex-wife. At sentencing, the district court determined the letter was threatening and denied Keeth an acceptance-of-responsibility adjustment over his objection.  Notwithstanding Keeth's contention that the letter was a sincere expression of good wishes for his ex-wife's future, the district court was free to disbelieve him, and given the undisputed facts underlying Keeth's guilty plea, we conclude that the district court did not clearly err in interpreting the letter as menacing.  See United States v. Hawkins, 78 F.3d 348, 352 (8th Cir.) (district court's findings of fact in determining acceptance-of-responsibility adjustment are reviewed for clear error), cert. denied, 117 S. Ct. 126 (1996); United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (credibility determinations are virtually unreviewable on appeal).  Noting the deference with which we review the district court's determination, we conclude the court did not clearly err in denying Keeth an acceptance-of-responsibility adjustment.  See United States v. Johnigan, 90 F.3d 1332, 1338 (8th Cir. 1996); see also U.S. Sentencing Guidelines Manual § 3E1.1(a), comment. (n.5) (1997).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.