THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* AUDREY TROUTMAN, Defendant-Appellant.

Second District   No. 76-93

Opinion filed August 8, 1977.

Ralph Ruebner and Joshua Sachs, both of State Appellate Defender's Office, of Elgin, for appellant.

James M. Carr, State's Attorney, of Sycamore (Phyllis J. Perko and Barbara A. Preiner, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

In a jury trial defendant, Audrey Troutman, was found guilty of burglary and was sentenced to one year probation. On appeal she contends (1) that her confession was not voluntary and should not have been admitted, and (2) that she was denied effective assistance of counsel. We affirm.

During Christmas vacation of 1974-75, Room 993 of Stevenson Towers, a dormitory at Northern Illinois University, was burglarized. The building was vacated and locked on or about December 21, and the burglary was not noted until the occupants of the room returned on January 12. After the missing items were reported, the university police focused their investigation on three women, including defendant. These women were suspected because they had been among the last to leave the dormitory floor in December and had subsequently moved and together they resided in an off-campus apartment.

When the university police arrived at the apartment at about 6:30 p.m., only one of the suspects (not the defendant) was home. She was advised that she was a suspect in the burglary, was given the *Miranda* warnings, and was asked about the burglary. The police saw some of the stolen items in plain view and placed her under arrest. The police suggested that she bring out the rest of the stolen items, and she complied.

The other two suspects arrived separately later; each was arrested and given *Miranda* warnings. Defendant was asked to turn over the stolen items in her possession and she did so. When the police indicated that a stuffed animal and a laundry basket visible to them in defendant's room were also stolen items, defendant commented, "You do know."

All three women were taken to the police station and were given the *Miranda* warnings again. Defendant said she would not make a confession; she was told that she did not have to make a statement, although it is evident that the police wanted her to do so. Sometime between 1:30 a.m. and 3 a.m. the following morning defendant wrote out a statement admitting her part in the burglary. The form she wrote on contained a printed version of the *Miranda* warnings which defendant looked at for some time. This confession was introduced as evidence at trial.

Defendant contends that being in custody for over six hours casts doubt on the voluntariness of the confession. She argues that her statement that she would not make a confession should be viewed as a demand that questioning cease; she then concludes that the continued questioning and pressure for a confession were violations of the right to remain silent and the confession should therefore not have been admitted.

■■ We find the length of custody here to have not affected the voluntariness of the confession. The supreme court has held that a custody period of 26 hours under far worse conditions than in the instant case did not affect the voluntariness of the subsequent confession. (*In re Lamb* (1975), 61 Ill. 2d 383, 336 N.E.2d 753.) In light of *Lamb* we cannot say that defendant here was coerced into confessing because she was in custody for several hours.

■■ ■ We also find that defendant did not demand an end to questioning by commenting that she was not going to make a confession. We do not view the comment as being specific enough to constitute a demand that questioning cease. Further, as a college student, defendant, when given the *Miranda* warnings, must surely have understood her right to remain silent and to have an attorney present, especially in view of the explanation by the police that she need not make a statement. We therefore view her confession as voluntary.

■■ An additional factor to consider regarding this issue is defendant's earlier comment, "You do know," coupled with her conduct of bringing out the stolen items on request. We view these factors alone as being sufficient basis for the jury to have returned a guilty verdict, as they admit defendant's complicity. Because she made such an admission, it is easier for this court to believe that defendant would voluntarily make the confession in question here.

In *People v. Johnson* (1973), 55 Ill. 2d 62, 302 N.E.2d 20, a defendant

was twice given *Miranda* warnings and looked at a card with the same rights in printed form. The supreme court held that a statement made after these acts was voluntary. Under similar facts we hold that the statement given by the defendant in the cause before us was also voluntary and its admission was proper.

■■ Defendant next argues that she was denied the effective assistance of counsel as shown by the following facts. Prior to trial defendant's retained counsel had filed a general motion to suppress any statements by defendant. Apparently the trial court never ruled on this motion and defendant's attorney did not seek a hearing on the motion. Defendant contends that the failure to seek suppression of the confession was a denial of the effective assistance of counsel.

We disagree. Because we have already held that the confession was voluntary and was properly admitted it is manifest that nothing was lost by a failure to hold a suppression hearing. Because such a hearing would have made no difference we hold that defendant was not denied the effective assistance of counsel.

The decision of the trial court is therefore affirmed.

Affirmed.

NASH and BOYLE, JJ., concur.