4 F.3d 996
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Barry FROSCHAUER, Petitioner/Appellant,
v.
Danny R. McBRIDE, Superintendent and Indiana Attorney
General, Respondents/Appellees.
 No. 92-3415.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 3, 1993.
Decided Sept. 13, 1993.
Rehearing Denied Oct. 15, 1993.
 
 Before BAUER, Chief Judge and POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Barry Froschauer appeals from the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. He challenges the constitutionality of his state conviction for child molesting and criminal deviant conduct on the grounds that his Sixth Amendment right to effective assistance of counsel was violated by his attorney's failure to effectively rebut the State's evidence against him, resulting in an unfair trial. The district court denied relief on the merits, but granted a certificate of probable cause to appeal. A timely notice of appeal was filed. This court has jurisdiction pursuant to 28 U.S.C. Sec. 2253.
 
 I. Background
 
 2
 Froschauer was charged with one count of child molesting and one count of criminal deviant conduct for allegedly sexually abusing his fourteen-year old step-daughter (C.G.). The day before the trial began, the court rejected Froschauer's proffered negotiated plea agreement for lack of a factual basis. At trial, a child welfare caseworker, the investigating police officer and the victim's cousin all testified without objection as to what the victim had told them regarding the alleged sexual conduct. The victim then told her story which substantially corroborated that of the prior witnesses. The State also presented testimony from the victim's mother (and ex-wife of the defendant), followed by testimony from the examining physician and from a child-therapist who had treated C.G. Testifying in his own defense, Froschauer denied the charges. In addition to the defendant, the defense called the victim's mother, and the defendant's mother as witnesses. Following three days of testimony, the jury returned a verdict of guilty on both counts of child molesting and criminal deviant conduct and Froschauer was sentenced to 28 years' imprisonment.
 
 
 3
 On direct appeal, Froschauer challenged his conviction and sentence claiming that he was denied the right to a fair trial due to ineffective assistance of counsel and due to prosecutorial misconduct. He also claimed that the trial court erred in enhancing his sentence and in imposing a fine. The Indiana Appellate Court affirmed the convictions in a two-to-one unpublished decision. Froschauer then petitioned for rehearing, renewing only his claim of ineffective assistance and arguing that a new standard for the introduction of hearsay evidence in sexual abuse cases promulgated in Modesitt v. State, 578 N.E.2d 649 (Ind.1991), should apply retroactively to his case. The Indiana Appellate court denied rehearing without opinion. Seeking review from the Indiana Supreme Court, Froschauer again argued for retroactive application of the Modesitt ruling and alternatively argued that if counsel's failure to object to the admission of hearsay testimony precluded him from raising the Modesitt issue, then counsel's error resulted in ineffective assistance. The Indiana Supreme Court summarily denied transfer.
 
 
 4
 Having exhausted his state remedies, Froschauer filed a pro se petition for writ of habeas corpus under 28 U.S.C. Sec. 2254. In his petition, Froschauer raised the three issues originally presented on direct appeal: prosecutorial misconduct, ineffective assistance of counsel, and erroneous imposition of an enhanced sentence. The State argued that Froschauer had procedurally defaulted by not raising these issues before the Indiana Supreme Court. Finding Froschauer's assertions of ineffective assistance of counsel "extremely thin," the court went on to address the merits of the claim noting that the absence of "any clear assertion of actual prejudice" prevented Froschauer from prevailing. Order at 2-3. With respect to the prosecutor's comments regarding his past representation of Froschauer, the district court found no conflict of interest presented and ultimately found that it was proper to confront the defendant with his prior conviction. Id. at 4-5. Finally, construing Froschauer's sentence challenge as an Eighth Amendment claim, the court also found no constitutional violation. Id. at 5. On appeal, Froschauer abandons his claim of erroneous imposition of an enhanced sentence and raises allegations of prosecutorial misconduct only as support for his claim that counsel was ineffective for failing to object to such conduct. The State argues that Froschauer also has waived his right to obtain habeas review of his claim of ineffective assistance of counsel by failing to petition the Indiana Supreme Court for review.
 
 II. Analysis
 
 5
 As noted above, examination of petitioner's brief before the Indiana Supreme Court reveals a discussion of the issue of ineffective assistance of counsel. Although we agree that the argument challenging counsel's performance independent of the argument for retroactive application of the Modesitt ruling is thin, its presence is nonetheless sufficient to avoid procedural default. Because under these circumstances it is difficult to ascertain the basis upon which the highest state court summarily denied review, we must proceed in favor of the petitioner. Thus, petitioner has fully exhausted his available state remedies and there is no need to demonstrate cause and prejudice. Whipple v. Duckworth, 957 F.2d 418, 421 n. 3 (7th Cir.), cert. denied, 113 S.Ct. 218 (1992); see Wallace v. Duckworth, 778 F.2d 1215, 1219 (7th Cir.1985) (per curiam) (exhaustion requirement satisfied even if state's highest court did not actually rule on the issue, as long as the court had a fair opportunity to do so); United States ex rel. Sullivan v. Fairman, 731 F.2d 450, 453 (7th Cir.1984).
 
 
 6
 A district court's decision to grant or deny a petition for writ of habeas corpus is reviewed de novo. Lilly v. Gilmore, 988 F.2d 783, 784 (7th Cir.1993). Froschauer argues that his attorney's performance was so inept that he was deprived counsel guaranteed by the Constitution, resulting in a conviction upon circumstantial evidence the reliability of which had not been tested. A claim that trial counsel's assistance was so deficient as to deprive a defendant of counsel guaranteed by the Sixth Amendment presents a cognizable claim for habeas relief. Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 7
 "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686; United States v. Jimenez, 992 F.2d 131, 134 (7th Cir.1993). Courts are to indulge a strong presumption that defendants' counsel are effective. United States v. Booker, 981 F.2d 289, 292 (7th Cir.1992). Judicial scrutiny of counsel's performance is thus highly deferential posing a heavy burden on a defendant to overcome the presumption that counsel provided reasonably effective assistance. Strickland, 466 U.S. at 689; Killebrew v. Endicott, 992 F.2d 660, 664 (7th Cir.1993). To prevail on a claim of ineffective assistance of counsel, Froschauer must satisfy the two-pronged test set forth in Strickland. He must show that his attorney's performance fell below "an objective standard of reasonableness" and that the ineffective representation prejudiced his defense, rendering the proceeding fundamentally unfair such that the result of the trial is unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 842 n. 2 (1993) (applying the "case-by case prejudice inquiry that has always been built into the Strickland test"); Killebrew, 992 F.2d at 664.
 
 
 8
 "No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." Strickland, 466 U.S. at 688-89; Montgomery v. Petersen, 846 F.2d 407, 412 (7th Cir.1988). Without more specific guidance, a habeas petitioner must identify specific acts or omissions that are alleged not to have been the result of reasonable professional judgment in order to demonstrate that counsel's performance was deficient. Lilly, 988 F.2d at 785; United States ex rel. McCall v. O'Grady, 908 F.2d 170, 173 (7th Cir.1990). In light of the circumstances facing counsel at that time, the court must then determine whether the challenged conduct fell outside the wide range of professionally competent assistance. Strickland, 466 U.S. at 690. Finally, in evaluating counsel's effectiveness for federal habeas purposes, a state court conclusion that counsel rendered effective assistance is not a finding of fact subject to the presumption of correctness under 28 U.S.C. Sec. 2254(d). Rather, both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of fact and law. Id. at 698; Lilly, 988 F.2d at 785.
 
 
 9
 In an attempt to demonstrate ineffective assistance with specificity, Froschauer raises a number of alleged deficiencies in trial counsel's performance. Taken together, Froschauer argues these alleged errors culminated in serious prejudice and deprived him of a fair trial. Several alleged errors raised in the fact section of his brief, however, are not developed in his argument. Specifically, he contends that counsel's lack of trial experience, lack of investigation, lack of trial preparation, and failure to request a continuance after rejection of the plea agreement resulted in the presentation of a wholly inadequate defense and these deficiencies were prejudicial. Clearly, inexperience alone does not equate with deficiency. See United States ex rel. Williams v. Twomey, 510 F.2d 634, 638-39 (7th Cir.), cert. denied, 423 U.S. 876 (1975). Froschauer merely argues that his attorney should have done more, without elaborating in any detail what preparation or investigation counsel had forgone. This failure precludes a determination of whether counsel's alleged inadequate preparation was objectively unreasonable or whether any additional preparation would reasonably have affected the outcome resulting in an unfair trial. See Resnover v. Pearson, 965 F.2d 1453, 1460 (7th Cir.1992), cert. denied, 113 S.Ct. 2935 (1993); United States ex rel. Cross v. De Robertis, 811 F.2d 1008, 1016 (7th Cir.1987) (failure to investigate claim, requires petitioner to show what information the investigation would have produced).
 
 
 10
 Interposing only two objections during the entire three-day trial, and a defense resulting in a mere thirty-four pages of transcript reflects what Froschauer believes was a wholly inept representation. Acknowledging that the length of the defense presentation is not determinative of its effectiveness or quality, Froschauer notes its dearth only to bolster support for his claim that counsel's performance was deficient. Of course, it is a factor within the totality of which counsel's performance is to be evaluated, but alone it carries little significance. United States v. Ramsey, 785 F.2d 184, 194 (7th Cir.), cert. denied, 476 U.S. 1186 (1986) (it is not per se ineffective assistance to put on no defense at trial).
 
 
 11
 Froschauer's strongest argument attacks counsel performance as ineffective for failing to object to the admission of hearsay testimony by the caseworker, the police officer, and the victim's cousin, who each described incidents of sexual abuse C.G. had relayed to them. He complains that this testimony impermissibly bolstered the alleged victim's story mainly because these witnesses testified first; when C.G. later took the stand, her testimony was all but vouchsafed. Froschauer adds that the prejudicial effect of this testimony was heightened by counsel's failure to rigorously cross-examine these witnesses. After Froschauer's conviction, the Indiana Supreme Court, addressing a nearly identical factual pattern, reversed the conviction of a defendant convicted of child molesting and criminal deviant conduct. The court held impermissible the admission of repetitive hearsay testimony prior to the declarant testifying because it precluded the defendant from effective cross-examination of these charges. Modesitt v. State, 578 N.E.2d 649, 651 (Ind.1991). The Indiana court reasoned that "Prior to putting the victim on the stand, the victim's veracity had been, in essence, vouchsafed by permitting the three witnesses to repeat the accusations of the victim. We believe that immediate cross-examination is the most effective, and that delayed cross-examination is the least effective. Here, three witnesses told the victim's story before the victim herself testified." Id.
 
 
 12
 Whether admission into evidence of hearsay testimony violated Indiana law either before or after Modesitt is of no consequence. Nelson v. Farrey, 874 F.2d 1222, 1226 (7th Cir.1989), cert. denied, 493 U.S. 1042 (1990). The only question before this court on habeas review is whether the failure to object to the admission of those statements denied Froschauer his Sixth Amendment right to effective representation. Thus, to the extent Froschauer's challenge involves questions of state law evidentiary rulings, the claim is not cognizable, Lilly, 988 F.2d at 788-89; Haas v. Abrahamson, 910 F.2d 384, 389 (7th Cir.1990), unless "there is a resultant denial of fundamental fairness or the denial of a specific constitutional right." Stomner v. Kolb, 903 F.2d 1123, 1128 (7th Cir.) (quoting United States ex rel. DiGiacomo v. Franzen, 680 F.2d 515, 517 (7th Cir.1982)), cert. denied, 498 U.S. 924 (1990). Because Froschauer claims that counsel was ineffective for failing to object to the admission of "drumbeat" testimony, the question is whether under all the circumstances facing counsel at that time and under judicial scrutiny highly deferential to counsel, counsel's performance fell outside the wide range of professionally competent assistance. Strickland, 466 U.S. at 689-90. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. Thus, counsel's conduct must be evaluated in the context of the law as it confronted an Indiana lawyer in 1990. Lilly, 988 F.2d at 786.
 
 
 13
 "The Sixth Amendment does not require counsel to forecast changes or advances in the law, or to press meritless arguments before a court." Id. Froschauer's trial concluded nearly one year before Modesitt promulgated the rule barring repetitive hearsay testimony prior to the declarant testifying.[1] At the time of Froschauer's trial then, counsel did not have the benefit of Modesitt. At argument, Froschauer's counsel conceded that trial counsel's representation was not inadequate for failing to anticipate the Modesitt ruling. See Lilly, 988 F.2d at 788. Rather, he argued that counsel was ineffective because he failed to follow the trend in the law noted by cases decided prior to Modesitt--namely, Stone v. State, 377 N.E.2d 1372 (Ind.1978)[2]--which criticized the admission of out-of-court statements not under oath as substantive evidence in lieu of available and direct testimony. This argument, however, is only a thinly disguised attempt to hold counsel accountable for failing to anticipate a change in state law, a failure not considered outside the range of professional assistance. Moreover, had counsel objected to the introduction of this testimony, it is unclear whether the Constitution would call for reversal under the Confrontation Clause.[3] See Rogers-Bey v. Lane, 896 F.2d 279, 282 n. 2 (7th Cir.) (Confrontation Clause is satisfied when a hearsay declarant is present at trial and is subject to cross-examination), cert. denied, 498 U.S. 831 (1990).
 
 
 14
 In an attempt to avoid foreclosure on these grounds, Froschauer challenges the fundamental fairness of his trial on the grounds that counsel's failure to properly circumscribe the State's evidence resulted in a conviction upon evidence the reliability of which had not been tested. Given the hearsay nature of the circumstantial evidence and the fact that Froschauer's credibility was critical to his defense, Froschauer may still prevail if he can demonstrate that aside from the Modesitt issue, his case was prejudiced by counsel's deficient performance.
 
 
 15
 The remainder of Froschauer's ineffective assistance argument hinges on the fact that counsel interposed only two objections during the entire three-day trial, failing when necessary to voice objections. First, Froschauer complains that his attorney did not object to the prosecution's use of leading questions during direct examination of the victim. As the Indiana Appellate Court noted, the leading questions followed the victim's narrative version of her story; thus, the failure to object had negligible prejudicial impact, if any. Cf. Idaho v. Wright, 497 U.S. 805 (1990) (use of leading questions with young sexual abuse victims, does not necessarily render responses untrustworthy). Froschauer presents nothing to overcome the presumption that not objecting to this form of questioning of a young sexual abuse victim was a legitimate strategic decision. See, e.g., United States v. Balzano, 916 F.2d 1273, 1296 (7th Cir.1990). Accordingly, it is difficult to discern how Froschauer was prejudiced by his attorney's failure to object.
 
 
 16
 Despite the fact that the alleged molestations occurred one year prior to Doctor Berger's examination of C.G., counsel allowed Dr. Berger to testify without objection regarding his opinion that the alleged victim had been sexually active. Froschauer contends that due to counsel's error, the doctor's opinion was used in essence to prove the truth of the matter asserted--that sexual molestation had occurred. Counsel did elicit testimony through cross-examination, however, that the indication of sexual activity relied on--that the victim's hymen had been broken--may have occurred after the alleged incidents with Froschauer. Thus, even if the hearsay testimony was inadmissible, it did not likely prejudice the defense.
 
 
 17
 Froschauer also complains that his trial attorney failed to object to the prosecutor's comment that he had represented Froschauer on a prior charge of criminal theft to which Froschauer pleaded guilty. Evaluating whether this statement constituted prosecutorial misconduct, the Indiana Appellate Court concluded that because Froschauer failed to demonstrate how the isolated comment could have had a persuasive effect on the jury, there was no error. Froschauer now argues that the unnecessary and inappropriate comment presented the jury with the conclusion that Froschauer had committed crimes in the past, and that the prosecuting attorney had intimate knowledge of these crimes. He adds that because the evidence against him was wholly uncorroborated, this comment severely prejudiced his defense by portraying him as a "bad man." Because evidence of prior bad acts relating to honesty such as his prior conviction for theft was admissible for impeachment purposes, trial counsel was not ineffective for failing to object to evidence clearly admissible. Balzano, 916 F.2d at 1296. It would be splitting hairs here to distinguish the effect of Froschauer's prior criminal conviction and the potential prejudicial effect of the prosecutor's comment regarding his prior representation.
 
 
 18
 Counsel also allegedly erred by failing to object to testimony from the State's rebuttal witness for violating the Judge's separation of witness order. There is no argument offered, however, to overcome the presumption that it was a reasonable tactical decision not to object to Froschauer's brother testifying or that a reasonable probability exists that objecting to his testimony would have affected the outcome of the trial.
 
 
 19
 Finally, Froschauer complains that counsel failed to alert the jury to the numerous inconsistencies in testimony offered by witnesses for the prosecution, thereby failing to effectively circumscribe the evidence presented by the State.[4] It seems likely, however, that the failure to emphasize inconsistencies in testimony regarding who was or was not present during particular interviews of the victim was merely a tactical decision. Discussions during these interviews focused on traumatic incidents of sexual abuse. The jury might have interpreted any attempt to impeach witnesses by focuses on relatively minor issues arising from the interviews as merely reaching for straws. Moreover, defense counsel tendered a jury instruction that a witness could be impeached by inconsistent testimony of another witnesses, and the jury was so instructed. The more weighty inconsistencies, it seems, involved discrepancies regarding whether Froschauer engaged C.G. in either sexual intercourse or in oral sex. Although Froschauer's habeas counsel does point out these inconsistencies in the fact section, he does not develop an argument that it was error for counsel not to emphasize these inconsistencies to the jury.
 
 III. Conclusion
 
 20
 Although counsel may not have demonstrated premier advocacy, Froschauer has unsuccessfully established either that counsel's alleged failures fell below an objective standard of reasonableness under the circumstances, or that because of counsel's performance, the result of the trial was unjust. For these reasons, the district court's decision to deny habeas relief is
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 In Modesitt, the court based its ruling on a discussion of the hearsay exception for prior inconsistent statements made under oath or prior consistent statements offered to rebut a charge of fabrication or improper influence or motive. 578 N.E.2d at 653-54 (citing Fed.R.Evid. 801(d)(1)). Under this hearsay exception, the Indiana court found it necessary that the declarant be subject to cross examination (or presumably found unavailable) prior to the introduction of hearsay used to bolster the veracity of the victim's charge. Id. at 651
 
 
 [2]
 See also Samuels v. State, 372 N.E.2d 1186 (Ind.1978), and Lewis v. State, 440 N.E.2d 1125 (Ind.1982), both cases discussed in Modesitt as precursors to the rule promulgated in Modesitt
 
 
 [3]
 The Sixth Amendment's Confrontation Clause provides "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." Idaho v. Wright, 497 U.S. 805, 813 (1990). In California v. Green, 399 U.S. 149, 158 (1970), the Supreme Court held that "the Confrontation Clause is not violated by admitting declarant's out-of-court statements, as long as the declarant is testifying as a witness and is subject to a full and effective cross-examination." Because the victim in this case did testify and was subject to cross examination, admission of prior hearsay evidence corroborating the declarant's statements arguably did not violate the Confrontation Clause. See Story v. Collins, 920 F.2d 1247, 1255 (5th Cir.1991) (Hearsay testimony permissible where child sex abuse victim declarant also testifies at trial); United States v. Dunn, 851 F.2d 1099, 1101 (8th Cir.1988); see also United States v. Cherry, 938 F.2d 748, 757 n. 18 (7th Cir.1991) (no Confrontation Clause concern where child sexual abuse victim testified as prosecution's first witness and was subject to cross examination)
 As discussed in Modesitt, a requirement that the declarant testify before the admission of hearsay testimony regarding the declarant's prior statements would provide for more effective cross-examination. The Constitution, however, guarantees only "an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." United States v. Owens, 484 U.S. 554, 559 (1988). Thus, because the victim did testify, Froschauer arguably was not deprived of the right of confrontation. It is not clear whether the Confrontation Clause requires more than this.
 
 
 [4]
 Froschauer complains of counsel's alleged failure to bring to the jury's attention the effect of Froschauer's physical handicaps. Because Froschauer does not argue that his physical limitations inhibited or precluded him from engaging in the type of sexual conduct he was charged with, he has not shown a reasonable probability that this testimony would have affected the trial's outcome. Moreover, the record reveals that counsel did bring forth evidence of Froschauer's physical disabilities and their effect on his movement in an attempt to discredit the victim's testimony that she could not have simply fled the abusive situations. Given society's general abhorrence for sexual abusers, further emphasizing the limitations of Froschauer's physical abilities may have been negatively perceived as an attempt to curry sympathy. Thus, counsel's alleged failure may have been a legitimate tactical decision, lest the jury's sympathy back-fired