19 F.3d 22
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jerry POWELL, Petitioner-Appellant,
v.
Odie WASHINGTON, Respondent-Appellee.
 No. 93-2116.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 2, 1994.*
Decided March 8, 1994.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Jerry Powell, convicted by Illinois of attempted murder, aggravated battery, and armed violence, see People v. Powell, 512 N.E.2d 1364 (Ill.App.Ct.), appeal denied, 517 N.E.2d 1092 (1987), sought a writ of habeas corpus under 28 U.S.C. Sec. 2254. The district court refused to issue the writ, and we affirm.
 
 
 2
 Powell contends that the Appellate Court of Illinois improperly applied res judicata to bar his ineffective assistance of counsel claim on appeal from the denial of his post-conviction petition. As an initial matter, the Appellate Court of Illinois did not depend solely on res judicata in ruling on the ineffectiveness of counsel claim. While the court did conclude that res judicata applied, the court added that it would have reached the same decision "[a]part from the application of res judicata." People v. Powell, No. 1-88-2676, Order at 7 (Ill.App.Ct. Mar. 25, 1991). Even if the application of res judicata was improper, it was merely an error of state law which is not cognizable on federal collateral review. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) (reemphasizing that "it is not the province of a federal habeas court to reexamine state court determinations on state law questions.").
 
 
 3
 Powell also contends that trial counsel rendered ineffective assistance by neglecting to conduct an adequate investigation of the facts and the law, and by failing to call an expert witness, Dr. Garvin, whose report stated that Powell lacked the requisite criminal intent to commit attempted murder. Vague allegations concerning counsel's failure to investigate do not satisfy Powell's burden under Strickland v. Washington, 466 U.S. 668 (1984), of "identifying specific acts or omissions that fell outside the range of professionally competent assistance." Lilly v. Gilmore, 988 F.2d 783, 785 (7th Cir.), cert. denied, 114 S.Ct. 154 (1993). Trial counsel was not incompetent for failing to call Dr. Garvin because expert testimony on the element of specific intent to kill is a jury question under Illinois law, so psychiatric testimony on the issue would have been inadmissible. People v. Aliwoli, 356 N.E.2d 891, 896-97 (Ill.App.Ct.1976); cf. United States v. Buchbinder, 796 F.2d 910, 917 (7th Cir.1986) (counsel's failure to timely file notice of expert testimony concerning defendant's intent to defraud was not ineffective assistance when such testimony would have been inadmissible under Federal Rule of Evidence 704(b)). Powell is simply unable to show that trial counsel's alleged shortcomings made the outcome of his trial fundamentally unfair or unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993).
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record