53 F.3d 333
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Derreck JACKSON, Petitioner-Appellant
v.
Dick CLARK and Indiana Attorney General, Respondents-Appellees.
 No. 92-1502.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided May 1, 1995.
 
 Before PELL, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Derrick Jackson, a state prisoner appearing pro se, appeals from the denial of his petition for a writ of habeas corpus, 28 U.S.C. Sec. 2254, alleging that his guilty plea was not voluntarily or knowingly entered. We affirm.
 
 
 2
 Jackson was charged with attempted armed robbery and felony murder in the Marion County Superior Court of Indiana. Pursuant to a plea agreement, the government agreed not to prosecute Jackson on the charge of attempted robbery and Jackson agreed to plead guilty to the charge of murder. A guilty plea colloquy was held where Jackson pleaded guilty to murder. Subsequently, Jackson was sentenced to a thirty-five year term of imprisonment. No direct appeal was taken to the Indiana Court of Appeals or the Supreme Court of Indiana. However, Jackson filed a petition for post-conviction relief with the Indiana Superior Court alleging that the entry of his guilty plea was unconstitutional. The trial court reviewed Jackson's petition on the merits, and it was denied. After an unsuccessful appeal, Jackson filed a petition for transfer to the Indiana Supreme Court which was also denied. Having exhausted his state remedies, see Jones v. Washington, 15 F.3d 671, 674 (7th Cir.), cert. denied, 114 S.Ct. 2753 (1994), Jackson filed a petition for writ of habeas corpus, 28 U.S.C. Sec. 2254, making the same constitutional challenges to his conviction that he made in his state post-conviction petition. The district court denied Jackson's petition and this timely appeal follows.[1]
 
 
 3
 Jackson maintains that his guilty plea was not entered knowingly and voluntarily and, therefore, was entered in violation of the Fifth and Fourteenth Amendments to the United States Constitution. To this point, Jackson first argues that he was not fully apprised of the consequences of his plea; i.e., that he was not informed that his sentence might be increased because of prior convictions or that he might receive consecutive sentences. Failure to inform a defendant of the direct consequences of his plea of guilty renders the plea unknowing and involuntary and, therefore, unconstitutional. Parke v. Raley, 113 S.Ct. 517, 523 (1992) (citing Boykin v. Alabama, 395 U.S. 238, 242 (1969); McCarthy v. United States, 394 U.S. 459, 466 (1969)); Brady v. United States, 397 U.S. 742, 755 (1970); United States v. Jordan, 870 F.2d 1310, 1316 (7th Cir.), cert. denied, 493 U.S. 831 (1989). Here, however, neither consecutive sentencing nor enhancement of sentence for prior crimes were "direct consequences" of Jackson's guilty plea. Since Jackson was convicted of only one crime, there was no possibility of consecutive sentencing. Although Jackson did have a criminal record, R. at 97-98, the trial court did not enhance his sentence--Jackson received a mitigated sentence of thirty five years. See Guilty Plea and Sentencing Tr. at 7 ("[T]he presumptive sentence [for murder is] 40 years, to which the Court might add 20 years for aggravating circumstances, or deduct 10 years for mitigating circumstances....").
 
 
 4
 Jackson maintains, nonetheless, that the trial court's failure to inform him of the possibility of sentence enhancement for prior convictions or receiving consecutive sentences was in violation of Indiana law. An error of state law alone cannot support the grant of a writ of habeas corpus. Lilly v. Gilmore, 988 F.2d 783, 789 (7th Cir.), cert. denied, 114 S.Ct. 154 (1993); Haas v. Abrahamson, 910 F.2d 384, 389 (7th Cir.1990); Jones v. Thieret, 846 F.2d 457, 459 (7th Cir.1988). Habeas corpus relief may be granted "only when a violation of federal statutory or constitutional law has occurred." Gilmore, 988 F.2d at 789 (citing Abrahamson, 910 F.2d 384). Jackson's complaint alleges, at most, no more than a technical violation of Indiana law.
 
 
 5
 Jackson next objects to the trial court's alleged failure to properly establish a factual basis for the guilty plea. The constitutional standard for determining the validity of a guilty plea " 'was and remains whether the plea represents a voluntary and intelligent choice.' " Higgason v. Clark, 984 F.2d 203, 208 (7th Cir.1993) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)), cert. denied, Higgason v. Farley, 113 S.Ct. 2974 (1993). Hence, a guilty plea is unconstitutional only if the defendant did not receive " 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.' " Henderson v. Morgan, 426 U.S. 637, 645 (1976) (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)). Here, the facts underlying the charge of murder were recited to Jackson and he was asked whether he agreed that there was a factual basis for the guilty plea. Guilty Plea and Sentencing Tr. at 10-14. On Jackson's behalf, his counsel responded that he did. Id. at 14. Jackson argues that although, at the guilty plea colloquy, the factual basis was read to him and his attorney stated that Jackson did agree to the factual basis, Indiana law required that he be directly questioned in order to establish a factual basis for the plea. As mentioned above, a violation of state law is not enough for habeas corpus relief. Lilly, 998 F.2d at 789; Haas, 910 F.2d at 389; Thieret, 846 F.2d at 459. We are satisfied that Jackson was informed of the true nature of the charge against him. Since Jackson has failed to demonstrate that his guilty plea was unconstitutional, judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Although Jackson's appeal was not filed within thirty days of the district court's entry of judgment denying Jackson's petition for habeas corpus relief under 28 U.S.C. Sec. 2254, the district court issued an order extending the time for filing of his notice of appeal thereby rendering his notice of appeal timely filed. Fed.R.App.P. 4(a)(5)