105 F.3d 660
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sidney JONES, Petitioner-Appellant,
v.
GEORGE DeTELLA, et al., Respondents-Appellees.
 No. 95-4023.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 5, 1996.*
Decided Dec. 9, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Sidney Jones, a state prisoner, appeals the district court's denial of his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] The district court found Jones' claims to be either without merit or barred by procedural default. Jones challenges the district court's conclusions and also claims that the district court erred when it dismissed his court-appointed attorney without holding a hearing to determine his ability to proceed pro se.
 
 
 2
 Jones contends that the district court erred in dismissing his double jeopardy claims, on the merits and within the Sixth Amendment ineffective assistance of counsel context. Jones claims that he was sentenced to consecutive terms of imprisonment for two convictions which arose from the same conduct in violation of the double jeopardy clause. However, his sentences are not consecutive; they are concurrent. The Sixth Amendment version of the same argument is that counsel was ineffective for failing to raise the argument. Counsel cannot be ineffective for failing to raise meritless claims. Lilly v. Gilmore, 988 F.2d 783, 786 (7th Cir.1993).
 
 
 3
 Jones next contends that potential black jurors were improperly removed from the panel in violation of Batson v. Kentucky, 476 U.S. 79 (1986). But we conclude that the district court correctly found that since Jones did not present his Batson claim on direct appeal, he procedurally defaulted and is barred from raising it now in his petition for habeas corpus relief. Lemons v. O'Sullivan, 54 F.3d 357, 360 (7th Cir.1995).
 
 
 4
 Within the Sixth Amendment context, Jones argues ineffective assistance of appellate counsel for failure to raise the Batson issue on direct appeal. The district court was correct in finding that Jones had preserved the claim within the Sixth Amendment context. However, the underlying Batson claim has no merit. The transcript of the state trial court venire proceedings shows unequivocally that two of three potential black jurors were excused by the prosecutor for reasons other than race, and that the third black juror was excused by defense counsel, also for reasons other than race. Since the underlying claim has no merit, and since appellate counsel cannot be ineffective for failing to raise a meritless claim, Lilly, 988 F.2d at 786, the district court judge did not err in dismissing the Batson ineffective assistance of counsel claim.
 
 
 5
 Jones also contends that the district court erred in dismissing his claims of unconstitutional one-on-one show-up[2] and absence of counsel at the one-on-one show-up as procedurally defaulted by failure to raise them on direct appeal. Jones argues that he demonstrated cause for and prejudice from failing to raise the claims on direct appeal, and that as a result he was entitled to have them considered in his § 2254 motion. Lemons, 54 F.3d at 360. Again, Jones argues ineffective assistance of counsel as cause for failure to raise these claims on direct appeal.
 
 
 6
 The judge did not err in dismissing these claims as procedurally defaulted because neither of them have any merit. Counsel cannot be faulted for not bringing meritless claims. Lilly, 988 F.2d at 786. If counsel was not ineffective, then ineffective assistance of counsel, by definition, as the district court aptly noted, cannot constitute cause for failing to raise the issues on direct appeal. Where no cause is demonstrated, prejudice need not be addressed. Wainwright v. Sykes, 433 U.S. 72 (1977). In any event, failure to raise meritless claims cannot result in prejudice.
 
 
 7
 The one-on-one show up issue is meritless because, as the district court pointed out, Jones' prior existing acquaintance and earlier visitation with the victim constitutes an independent basis for identification in compliance with the Constitution. Manson v. Brathwaite, 432 U.S. 98, 114 (1977) (discussing reliability as the linchpin in determining admissibility of identification testimony based on totality of circumstances including the witness' opportunity to view the criminal at the time of the crime, the witness' degree of attention, and the level of certainty). See also Minetos v. Scully, 625 F.Supp. 815, 819-20 (S.D.N.Y.1986) (one-on-one show up identification was constitutionally reliable where defendant and victim had prior acquaintance and had spoken earlier in the day on the date of the offense). Finally, since the prior acquaintance and viewing opportunity afford the conclusion that the one-on-one show up was not so suggestive as to violate due process, there is no merit to the argument that absence of counsel at the identification was unconstitutional.[3]
 
 
 8
 Finally, Jones challenges the district court's dismissal of his appointed attorney. The district court judge dismissed the lawyer because he had performed to the extent that the appointing judge had ordered, and because he found Jones to be as competent as most other pro se habeas petitioners. There is no Sixth Amendment right to counsel in a habeas proceeding. Barkauskas v. Lane, 946 F.2d 1292, 1294 (7th Cir.1991). Appointment of counsel is discretionary and fundamental unfairness must result for this court to find an abuse of discretion. Maclin v. Freake, 650 F.2d 885, 886 (7th Cir.1981). Jones has managed competently to proceed pro se since his counsel was dismissed. He has prepared responses and prosecuted this appeal at least as well as most pro se petitioners, as the judge below anticipated that he would.
 
 
 9
 The district court properly denied Jones' § 2254 petition for habeas corpus relief. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The government was granted an extension of time to file its brief and new deadlines were set. That Jones allegedly did not receive notice of the new deadlines is of no significance as his reply brief, though eleven days late, was filed without penalty and he suffered no prejudice
 
 
 [2]
 A one-on-one show up is where the victim makes an identification of the defendant under conditions which cause the defendant to be the only person available for the victim to select, instead of a line-up of similar looking choices. Usually, without circumstances such as a defendant-victim relationship or recent contact, one-on-one identifications are not constitutionally permissible. See Manson v. Brathwaite, 432 U.S. 98 (1977)
 
 
 [3]
 Normally, a defendant has a right to counsel at a typical line-up in order to avert any prejudicial identification processes. United States v. Wade, 388 U.S. 218, 236-37 (1967)