United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-4189

_____

United States of America,          *
                                     *

          Appellee,        *

                                     *

     v.                      *   Appeal from the United States District
                                     *   Court for the District of Minnesota.

David Lee Heath,            *

                                     *

          Appellant.      *

_____

Submitted:  June 10, 1997
Filed:  September 8, 1997

_____

Before LOKEN and ROSS, Circuit Judges, and FENNER,[*] District Judge.

ROSS, Circuit Judge.

_____

[*]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri, sitting by designation.

Appellant David Lee Heath appeals from the 33-month sentence imposed by the district court[1] following his plea of guilty to mail fraud and obtaining controlled substances by fraud. We affirm.

## I.

The indictment alleged that over a seven-month period beginning in October 1995 and ending with his arrest in April 1996, David Lee Heath engaged in a continual scheme to defraud hospitals and insurance carriers out of money and services. Heath staged "slip and fall" accidents throughout the country, gained admission to local hospitals complaining of pain caused by injuries allegedly received from these falls, sought and received controlled substances to alleviate these pains, and occasionally submitted liability insurance claims to the insurance carriers for the businesses in which he claimed to have fallen. The indictment further alleged that over the same period of time, Heath gained admission to hospitals throughout the country complaining of pain not caused by slip and fall accidents, but by medical conditions such as migraines, diarrhea and chest pain.

Heath was charged with four counts of mail fraud, one count of wire fraud and four counts of obtaining controlled substances (Demerol) by fraud. He entered a guilty plea to count 5 (wire fraud) and count 9 (obtaining controlled substances by fraud) and the other seven counts were dismissed. Heath was sentenced to a term of 33 months

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

on each count, to run concurrently without supervised release, and ordered to pay restitution in the amount of $400.00. He now challenges the district court's failure to group the counts of conviction pursuant to U.S.S.G. § 3D1.2(c), and the court's computation of the amount of loss as a specific offense characteristic for the wire fraud conviction. Heath further contends that his trial counsel failed to provide effective assistance of counsel at the sentencing hearing. After a careful review of the briefs, record and arguments of the parties, we affirm.

## II.

Heath argues the district court improperly refused to group the two counts of conviction when it determined his total offense level, resulting in a total offense level of 13 instead of 12. Count 5 charged Heath with wire fraud in violation of 18 U.S.C. § 1343, resulting from an incident on February 23, 1996, where Heath contacted a liability insurer by telephone for the purpose of seeking monetary settlement for a staged slip and fall accident on February 15, 1996. Count 9 charged Heath with obtaining controlled substances by fraud from medical staff at Mercy Hospital by falsely claiming to have been injured in a slip and fall accident, in violation of 21 U.S.C. § 843(a)(3).

The district court refused to group counts 5 and 9 pursuant to U.S.S.G. § 3D1.2, concluding that the counts were two distinct offenses. Instead, the court applied a multiple count analysis, resulting in an adjustment of +1. Sentencing guideline § 3D1.2(c) provides that offenses may be grouped "[w]hen one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the

guideline applicable to another of the counts." See also United States v. Williams, 935 F.2d 1531, 1538 (8th Cir. 1991), cert. denied, 502 U.S. 1101 (1992). The purpose of § 3D1.2(c) is to prevent "double counting," which occurs when "one instance or aspect of a defendant's conduct forms the basis for a conviction and resulting sentence and is also employed to adjust one or more other sentences." United States v. Lincoln, 956 F.2d 1465, 1471 (8th Cir.), cert. denied, 506 U.S. 891 (1992).

Heath argues that the conduct leading to his conviction in count 9 (obtaining controlled substances by fraud) was used to adjust the sentence he received in count 5 (wire fraud) in two ways. First, he asserts that the two-level enhancement in count 5 for defrauding more than one victim under U.S.S.G. § 2F1.1(b)(2) necessarily resulted from considering the count 9 victim (Mercy Hospital). We disagree. Count 5 of the indictment incorporated by reference a chart summarizing all of Heath's fraudulent hospital admissions from October 9, 1995, through April 10, 1996 (Exhibit A). That chart included seventeen separate victims of Heath's scheme to defraud. It was within the court's discretion to consider all acts charged in the indictment, not just the counts of conviction. United States v. Sykes, 4 F.3d 697, 699 (8th Cir. 1993). The victim in count 9 was just one of the many victims alleged to have been defrauded by Heath and it is clear the district court did not have to rely upon the count 9 victim in order to enhance his sentence under the multiple -victim provision of § 2F1.1(b)(2).

Second, Heath argues that the court considered the monetary loss associated with count 9 when determining the total amount of relevant conduct loss for count 5, thereby serving as an adjustment to another count of conviction and requiring the grouping of counts 5 and 9 under § 3D1.2. There is no factual basis to support this argument. The

$111,632.01 loss calculated by the district court as the relevant loss under count 5 resulted from adding the known monetary losses to all hospitals and insurance carriers reflected in Exhibit A of the indictment. Significantly, although the hospital admission corresponding to count 9 is reflected in the exhibit, no monetary loss is associated with count 9, and no monetary loss associated with that hospital admission was included in the final loss figure calculated for count 5. Therefore, the district court did not double count by refusing to group counts 5 and 9.

III.

Heath next argues that the district court erred by including all losses alleged in the indictment as "relevant conduct" for sentencing purposes. According to Heath's argument, the evidence of the hospital and medical services provided to him which did not involve the slip and fall insurance claims do not constitute evidence of relevant conduct to the offense of wire fraud.

The guideline provision applicable to fraud cases provides for a graduated increase in the base offense level depending on the amount of loss resulting from conduct relevant to the count of conviction. U.S.S.G. § 2F1.1(b)(1). Relevant conduct includes "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). "[F]or two or more offenses to constitute part of a common scheme or plan, they must be substantially connected to each other by at least one common factor, such as common victims, accomplices, common purposes, or similar modus operandi." United States v.

Sheahan, 31 F.3d 595, 599 (8th Cir. 1994) (citing U.S.S.G. § 1B1.3, application note 9).

In calculating the total loss of $111,632.01, which resulted in a six-level adjustment to the wire fraud count, the district court included all hospital and medical expenses incurred in Heath's staged slip and fall insurance claims, as well as the medical expenses incurred in connection with Heath's conduct to obtain controlled substances by fraud. Heath contends that the evidence of medical expenses solely related to obtaining narcotic controlled substances and not related to a staged slip and fall insurance claim cannot constitute evidence of relevant conduct.

All of Heath's fraudulent activity involved a common modus operandi -- Heath would appear at hospitals falsely complaining of pain caused by either injuries suffered from staged slip and fall accidents or alleged painful medical conditions, usually in an effort to obtain controlled substances for his pain. Heath conducted his scheme to defraud hospitals and insurance carriers in a continual manner from October 1995 until April 1996. In that short time, Heath was admitted to hospitals 53 times and defrauded 17 hospitals and insurance carriers. The court did not err in including all common scheme losses in its computation of relevant conduct loss.

IV.

Finally, Heath claims he was denied effective assistance of counsel when his defense counsel failed to request an evidentiary hearing prior to sentencing. Ineffective assistance claims are ordinarily raised in collateral proceedings because facts outside

the record generally must be developed in order to resolve the claim. <u>See</u> <u>United States</u> <u>v. Hawkins</u>, 78 F.3d 348, 351 (8th Cir.), <u>cert. denied</u>, 117 S. Ct. 126 (1996).  Because this issue is raised for the first time on appeal, and the record has not been sufficiently developed, we decline to consider the claim.

V.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.