**UNITED STATES of America,**
**Plaintiff,**

v.

**Emil Francis DRASKOVICH,**
**Defendant.**

**No. 00–330(1)(PAM/RLE).**

United States District Court,
D. Minnesota.

Aug. 23, 2001.

Henry Joseph Shea, III, Assistant U.S. Attorney, Minneapolis, MN, for Plaintiff.

Richard Peter Holmstrom, Holmstrom Law Office, Duluth, MN, for Defendant.

## STATEMENT OF REASONS FOR IMPOSING SENTENCE

MAGNUSON, District Judge.

### I. FINDINGS OF FACT

Pursuant to the Federal Rules of Criminal Procedure, the probation office has conducted an extensive presentence investigation ("PSI") and has submitted a presentence report ("PSR") in this matter. *See* Fed.R.Crim.P. 32(c); 18 U.S.C. § 3552. Both parties raise objections to the PSR.

The Government contends that the probation office erred in grouping Defendant's mail fraud and tax fraud counts pursuant to U.S.S.G. § 3D1.2. This objection is addressed in detail below.

Defendant disputes two aspects of the PSR, both of which relate to restitution. First, Defendant contends that he should not be required to pay the $34,760 included as restitution, because the money was legitimately earned by his wife. As noted by the Government, however, in his Plea Agreement, Defendant conceded that he should be responsible for the amount in issue. (*See* Plea Agreement ¶ 9.) Accordingly, the Court adopts the findings of the PSR regarding this issue.

Second, Defendant denies that he owes State Farm Insurance $32,000. Importantly, Defendant does not deny that he made fraudulent claims to State Farm. Instead, he disputes the amount he owes to State Farm. According to Defendant, he owes no more than $16,000. Defendant does not have a copy of the itemized Proof of Loss, which would most accurately reflect the amount for which he is responsible. The Court, therefore, adopts the findings contained in the PSR regarding the amount owed to State Farm Insurance. Having resolved the objections, as discussed more fully below, the Court adopts the factual findings of the PSR (¶¶ 1–77) as its finding of fact.

### II. PURPOSES

The Defendant pled guilty to mail fraud and filing false income tax returns in violation of 18 U.S.C. §§ 1341 and 1346, and 26 U.S.C. § 7206(1). The sentence that the Court imposes is intended to punish Defendant and deter him and others from committing such crimes in the future.

### III. APPLICATION OF THE GUIDELINES

The Court determines that the applicable guidelines are as follows:

| | |
|---|---|
| Total Offense Level: | 17 |
| Criminal History Category: | I |
| Imprisonment Range: | 24 to 30 months |
| Supervised Release: | 2 to 3 years |
| Fine Range: | $5,000 to $50,000 |
| Special Assessment: | $300 |

### IV. SENTENCE

24 months' imprisonment. Supervised release for 3 years. Special assessment of $300. Restitution in the amount of $240,363.89.

## V. STATEMENT OF REASONS

This Court must first address the Government's objection to the PSR, because this objection directly affects the sentencing range applicable to this Defendant. It should be noted, at the outset, that the Plea Agreement does not contemplate grouping. If the counts are not grouped, the total offense level in this case would be 19. If the counts are grouped, the total offense level would be 17. The Government contends that the Defendant's mail fraud and tax counts should not be grouped pursuant to U.S.S.G. § 3D1.2(c).[1]

Section 3D1.2 provides that all counts involving substantially the same harm must be grouped together. The section goes on to precisely define what constitutes "counts involving substantially the same harm." *See* U.S.S.G. § 3D1.2(a)-(d). In relevant part, counts involve substantially the same harm "[w]hen one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts." U.S.S.G § 3D1.2(c).

It is important to recognize that the grouping rules exist to ensure that defendants convicted of multiple offenses receive "incremental punishment for significant additional criminal conduct." U.S.S.G., Ch. 3, Pt. D, Introductory Commentary. However, The Eighth Circuit has made it clear that "[t]he purpose of § 3D1.2(c) is to prevent 'double counting,' which occurs when 'one instance or aspect of a defendant's conduct forms the basis for a conviction and resulting sentence and is also employed to adjust one or more other sentences.'" *United States v. Heath*, 122 F.3d 682, 684 (8th Cir.1997) (quoting *United States v. Lincoln*, 956 F.2d 1465, 1471 (8th Cir.1992)). Similarly, the Fifth Circuit has correctly noted that, "[t]he operative word [in the commentary] is 'significant.' Sometimes, an additional count does not represent significant additional criminal conduct, and does not lead to an increased sentence." *United States v. Haltom*, 113 F.3d 43, 45 (5th Cir.1997) (remanding the sentence of a defendant convicted of mail fraud and tax evasion). In *Haltom*, the court went on to clarify that "[convictions on multiple counts do not result in a sentence enhancement unless they represent additional conduct *that is not otherwise accounted for by the guidelines.*]" *Id.* (citing U.S.S.G., Ch. 3, Pt. D, Introductory Commentary).

In this case, section 2T1.1(b)(1) lists evading taxes due on money generated by criminal activity as a specific offense characteristic requiring the enhancement of Defendant's tax count by 2 points. Because the conduct underlying Defendant's mail fraud, which has already been weighed against him in the mail fraud count, constitutes a specific offense characteristic of Defendant's tax count, section 3D1.2(c) and the Eighth Circuit's ruling in *Heath* mandate the grouping of these counts.

The Third Circuit disagrees with this result and argues that the specific offense characteristic of evading taxes due on money generated by criminal activity does not constitute conduct embodied a fraud count. *See United States v. Astorri*, 923 F.2d 1052, 1056 (3d Cir.1991); *United States v. Vitale*, 159 F.3d 810, 815 (3d Cir.1998). In *Astorri*, the court held that because the government did not have to prove that the defendant engaged in tax evasion to convict him of fraud, grouping the counts would be erroneous. *Id.* This reasoning, however, ignores the plain text

---

**1.** Both of Defendant's mail fraud counts were grouped without objection pursuant to U.S.S.G. § 3D1.2(d).

of section 3D1.2. This Section unambiguously defines "counts involving substantially the same harm" as counts that embody conduct "treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts." The plain text of the section provides no exception to this rule.[2] The Court, therefore, adopts the PSR's finding that the Defendant's mail fraud and tax counts should be grouped

Accordingly, the Court imposes sentence within the range applicable to this Defendant and for this offense because the facts found are of the kind contemplated by the Guidelines. The Court also finds that no aggravating or mitigating circumstances exist that were not adequately considered by the Sentencing Commission.

During the period of supervised release, Defendant shall abide by the standard conditions of supervised release recommended by the Sentencing Commission. He shall not commit any crimes, federal, state, or local. In addition, he shall refrain from possessing a firearm, destructive device, or other dangerous weapon. Defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of his Probation Officer. Additionally, Defendant shall provide the Probation Officer access to any requested financial information. Because the instant offense is not drug related and Defendant does not have a history of drug abuse, he is not required to undergo mandatory drug testing as set forth in 18 U.S.C. §§ 3563(a) and 3583(d). However, Defendant shall participate in psychological or psychiatric counseling or treatment as approved by his Probation Officer.

Defendant shall voluntarily surrender himself on Monday, September 17, 2001, at 11:00 A.M. to the United States Marshal for this district or at such other location as designated. It is this Court's recommendation that Defendant be incarcerated at the Federal Correctional Institution in Duluth, Minnesota.

Restitution in the amount of $240,363.89 is immediately due and payable. Additionally, Defendant shall cooperate fully and completely with the Internal Revenue Service in the calculation and collection of civil tax liabilities and interest penalties. Of the total amount of restitution owed, $208,401.00 is owed to National Steel Pellet Company, P.O. Box 217, One Mine Drive, Keewatin, MN 55753. $31,953.89 is owed to State Farm Fire and Casualty Company, c/o R. Gregory Stephens, Meagher and Geer, 4200 Multifoods Tower, 33 South Sixth Street, Minneapolis, MN 55402, claim number 23–L117–316. Defendant shall pay the full amount of restitution to the Clerk, U.S. District Court, for disbursement to the victims. If this amount is paid within 30 days after the date of this judgment, interest on this amount is waived pursuant to 18 U.S.C. § 3612(f)(3). Defendant is also required to pay the $300 special assessment immediately. Because the Court recognizes that Defendant will be indigent after paying full restitution, the Court does not order him to pay a fine.

---

**2.** Constraining some of the breadth of its earlier decision, the court in *Vitale* declined "to construe § 3D1.2(c) to encompass an adjustment effected by the tax evasion enhancement in a situation where the final offense level is not in fact adjusted." *Vitale*, 159 F.3d at 815. Even this reading, however, fails to account for the actual text of the Guidelines.